UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHERYL WURSTER,

   Plaintiff,          Case No. 1:12-CV-1149

v.                HON. ROBERT J. JONKER

COMMISSIONER OF SOCIAL SECURITY,

   Defendant.
            /

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff, Cheryl Wurster, has filed an Objection (docket #22) to Magistrate Judge Joseph G. Scoville's Report and Recommendation issued March 10, 2014 (docket #21). The Report and Recommendation recommends that this Court affirm the decision of the Commissioner denying Wurster's claim for disability insurance benefits. When a party objects to a magistrate judge's report and recommendation, the "district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the magistrate judge that is relevant to the findings under attack. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After conducting a de novo review of the Report and Recommendation, Wurster's objections, and the pertinent portions of the record, the Court will adopt the Report and Recommendation.

## I. Wurster's Objections

Wurster raises three objections to the magistrate judge's recommendation. First, she objects to the magistrate judge's recommendation that the administrative law judge ("ALJ") gave "good reasons" for according less than controlling weight to the opinion of Wurster's treating physician. Second, she contests the magistrate judge's conclusion that the ALJ adequately considered the effects of Wurster's obesity, urinary frequency and incontinence, COPD, and depression on her ability to work. Finally, she disagrees with the magistrate judge's recommendation that the ALJ's credibility determination is supported by substantial evidence. Under the requisite "substantial evidence" standard of review, the Court will overrule Wurster's objections and adopt the Report and Recommendation.

## II. Discussion

This Court reviews the record for whether the Commissioner employed the proper legal standards in making her decision and whether her findings were supported by substantial evidence. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). To determine the substantiality of the evidence, the Court considers the record as a whole and takes into account whatever evidence in the record fairly detracts from its weight. *Richardson v. Sec'y of Health and Human Servs.*, 735 F.2d 962, 963–64 (6th Cir. 1984). "The substantial-evidence standard allows considerable latitude to administrative decision makers. It presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (internal quotation marks omitted).

Wurster first objects to the magistrate judge's recommendation that the ALJ gave "good

reasons" for affording less than controlling weight to the opinion of Dr. Timothy Hoffmann, Wurster's primary care physician. An ALJ must "give the opinion of a treating source controlling weight if he finds the opinion well-supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with the other substantial evidence in [the] case record." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (internal quotation marks omitted). However, an ALJ may reject the opinion of a treating physician where the opinion is not supported by the medical record, *Cohen v. Sec'y of Dep't of Health and Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992), merely states a conclusion, *Miller v. Sec'y of Health and Human Servs.*, no. 91-1325, 1991 WL 229979, at *2 (6th Cir. Nov. 7, 1991), or is contradicted by substantial medical evidence, *Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 287 (6th Cir. 1994). An ALJ is required to "give good reasons for not giving weight to a treating physician." *Wilson*, 378 F.3d at 544 (internal quotation marks omitted). Factors that an ALJ must consider in evaluating the weight to assign the opinion of a treating physician include (1) length of the treatment relationship and frequency of the examination, (2) nature and extent of the treatment relationship, (3) supportability of the opinion, (4) consistency of the opinion with the record as a whole, (5) the specialization of the treating source, and (6) other relevant factors. 20 C.F.R. §§ 404.1527(c), 416.927; *see also Wilson*, 378 F.3d at 544 (listing factors). The ALJ must consider these relevant factors but need not expressly apply each factor in deciding what weight to give a medical opinion. *Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007).

In this case, the ALJ gave Dr. Hoffmann's opinion less than controlling weight because it was not well supported by objective evidence, was inconsistent with medical evidence in the record, and was not consistent with Dr. Hoffmann's own treatment records. The ALJ stated,

> Since June 2009, the claimant's symptoms have been primarily managed by her

3

> primary care physician, Timothy D. Hoffmann, M.D. A comprehensive review of his treatment notes indicates that the claimant has sought treatment for complaints of urinary frequency, back pain, and swelling in her hands and joints. The claimant, an obese individual, was frequently advised to discontinue smoking and was educated on foods that contain anti-inflammatory properties. Laboratory work was reportedly normal, and while she occasionally presented with bilateral hand swelling and tenderness, the remainder of her clinical presentations were often unremarkable. In that regard, the claimant exhibited a full range of motion, and normal stability, strength and tone (Exhibits 16F; 22F).
>
> During her most recent appointment on March 3, 2011, the claimant continued to complain of swollen joints and indicated that her hands and arms hurt. She was reportedly still smoking and was noted to have a morbidly obese body habitus. Nevertheless, her gait was intact and her station and posture [were] normal. The claimant was advised to lose 100 pounds over a period of two years through a combination of diet and exercise (Exhibit 22F).
>
> I have considered the March 23, 2011 Medical Source Statement completed by Dr. Hoffmann. While the opinions of treating sources are entitled to special significance under SSR 96-2p, controlling weight is not warranted if such opinions are not supported by the record. Here, the work-preclusive limitations found by Dr. Hoffmann (need for frequent unscheduled breaks, ability to stay on task impaired 75% of the time due to pain and other symptoms, handling/fingering restricted to 25-50% of the work day) are not supported by his own treatment records, nor are they consistent with the medical evidence of record. Accordingly, his opinion is not entitled to controlling weight.

(Administrative Record, docket #8, Page ID 42–43.) As the magistrate judge observed in his Report and Recommendation, Dr. Hoffmann's opinions on issues reserved for the Commissioner are not entitled to special significance. (Docket #21, Page ID 560 (citing 20 C.F.R. § 416.927(c)(3)).) In this case, the ALJ's considerations are consistent with 20 C.F.R. § 416.927(c). For example, Dr. Hoffmann had a very brief treatment relationship with Wurster, and the treatment consisted largely of "manag[ing]" Wurster's self-reported symptoms. (AR, docket #8, Page ID 42.) Additionally, Dr. Hoffmann was a family practitioner, not a specialist, and nothing in his medical notes or questionnaire suggested an area of specialized expertise. Ultimately, the ALJ concluded that Dr. Hoffmann's opinion and recommended limitations were not supported by objective medical evidence, were not consistent with his treatment notes, and were not consistent with the medical

4

record as a whole. (Id. at 43.) The magistrate judge therefore recommended that the ALJ did not violate the treating physician rule in according less than controlling weight to Dr. Hoffmann's opinion and limitations.

In objection, Wurster does not directly challenge the magistrate judge's analysis. Rather, she restates her argument that the ALJ accorded Dr. Hoffmann inadequate weight. This argument is unpersuasive, as it fails to provide any basis for which to overturn the magistrate judge's recommendation.

Second, Wurster argues that the magistrate judge erred in concluding that the ALJ adequately considered Wurster's other conditions (obesity, urinary frequency and incontinence, COPD, and depression) in assessing her ability to work. Essentially, Wurster argues that the ALJ should have concluded that these conditions were additional severe impairments. The finding of a severe impairment is a threshold determination, and the finding of a single severe impairment is sufficient to continue the sequential disability analysis. *See, e.g.*, *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987). Where, as here, an ALJ found at least one severe impairment, the failure to find additional severe impairments is "legally irrelevant." *McGlothin v. Commissioner*, 299 F. App'x 516, 522 (6th Cir. 2009) ("[B]ecause the ALJ found that McGlothin has some severe impairments, he proceeded to complete steps three through five of the analysis. It then became legally irrelevant that her other impairments were determined not to be severe.") (internal quotation marks omitted)).

The magistrate judge observed that Wurster cited SSR 96-8p, 1996 WL 374184 (July 2, 1996), for the "unremarkable proposition that an ALJ must consider both severe and non-severe impairments in making his factual findings regarding a claimant's [residual functional capacity]."

(Report and Recommendation, docket #21, Page ID 550.) He then went on to describe how the ALJ considered Wurster's severe and non-severe impairments in determining that Wurster retained residual functional capacity for a limited range of light work. (*See id.*; AR, docket #8, Page ID 41.) The magistrate judge concluded that the ALJ had adequately addressed Wurster's impairments.

Again, Wurster does not specifically object to the magistrate judge's reasoning, but merely argues that if the Court were to give more weight to the effect of Wurster's obesity it "would be a step forward in recognizing the many debilitating effects of obesity on a person's ability to function in the work place." (Objection, docket #22, Page ID 566.) This Court has reviewed the ALJ's discussion of Wurster's severe and non-severe impairments and declines to impose further scrutiny on the ALJ's decision than appropriate under the "substantial evidence" standard of review. Wurster's objection is overruled.

Finally, Wurster objects to the magistrate judge's recommendation that the ALJ's credibility determination was supported by substantial evidence. Once an ALJ determines that a claimant has shown that his physical or mental impairment could reasonably be expected to produce his symptoms, an ALJ must evaluate the "the intensity, persistence, and functionality limiting effects of the symptoms," which requires the ALJ to consider the credibility of the individual statements in light of the record. SSR 96-7p, 1996 WL 374186 (July 2, 1996). Credibility determinations are within the province of the ALJ. *See Gooch v. Sec'y of Health & Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987). This Court does not make its own credibility determinations. *See Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997). The Commissioner's credibility determination is reviewed under a "highly deferential" "substantial evidence" standard of review. *Ulman v. Commissioner*, 693 F.3d 709, 714 (6th Cir. 2012). "Upon review, [the court must] accord to the ALJ's determinations of credibility great weight and deference particularly since the ALJ has the

opportunity, which [the court] does not, of observing a witness's demeanor while testifying." *Jones v. Commissioner*, 336 F.3d 469, 476 (6th Cir. 2003).

In this case, the ALJ found that Wurster's testimony about the intensity, persistence, and limiting effects of her impairments were not fully credible. (AR, docket #8, Page ID 43.) He observed:

> [T]he claimant's allegations concerning her impairments and the manner in which they affect her ability to function appear to be out of proportion to the objective findings contained in the available medical evidence, and are therefore credited only to the extent that they are consistent with the residual functional capacity adopted herein. For instance, despite her allegations of serious back pain that radiates into her lower extremities, the most recent MRI of the claimant's lumbar spine performed in October 2007 showed only mild facet disease at L2-3 and L3-4, and mile to moderate disc disease at L4-5 and L4-51, without clear evidence of nerve root impingement (Exhibit 14F/25-26). Moreover, despite testifying that her back pain has worsened since June 2009, the claimant has received only limited treatment for related complaints of pain from her primary care physician. Further, despite her complaints of pain and swelling in her hands for the past seven years, Dr. Kuhn found in his August 2009 consultative examination report that the claimant had [full] grip strength and digital dexterity in both of her hands (Exhibit 17F/4). Thus, more weight is afforded to the objective medical records than the claimant's uncorroborated allegations.

(*Id.*) Based on these inconsistencies, the magistrate judge recommended that the ALJ's credibility determination is supported by more than substantial evidence. The magistrate judge further noted that would have been appropriate for the ALJ to draw an adverse inference from Wurster's failure to follow medical advice regarding weight loss and smoking cessation. (Docket #21, Page ID 553.)

Wurster objects that her testimony was consistent with uncontradicted medical evidence, but fails to identify any specific medical evidence or explain how it changes the inconsistencies forming the basis of the ALJ's credibility determination. Her objection is therefore insufficient to establish that the ALJ's credibility determination was not supported by substantial evidence.

7

### III. Conclusion

For the reasons stated, the Court will adopt the Report and Recommendation and affirm the Commissioner's decision.

**ACCORDINGLY, IT IS HEREBY ORDERED** that the Report and Recommendation of the magistrate judge (docket #21) is **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that the Commissioner's decision is **AFFIRMED**.

A separate judgment will issue.

Dated: March 31, 2014 /s/ Robert J. Jonker
ROBERT J. JONKER
UNITED STATES DISTRICT JUDGE